IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JIMELL RAHEEN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-024 |
| | ) | |
| CHIEF JUDGE DONALD W. GILLIS; | ) | |
| JUDGE JON F. HELTON; JOSHUA E. | ) | |
| KNIGHT, Assistant District Attorney; | ) | |
| MADISON L. PETERSON; BRANDON | ) | |
| FAIRCLOTH, District Attorney; THOMAS | ) | |
| H. CORBIN, Sheriff; and MICHAEL | ) | |
| MILTON, Deputy Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pre-trial detainee at Treutlen County Jail in Soperton, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE AMENDED COMPLAINT**

  **A.    BACKGROUND**

Plaintiff names as Defendants: (1) Chief Judge Donald W. Gillis; (2) Judge Jon F. Helton; (3) Special Assistant District Attorney ("ADA") Joshua E. Knight; (4) Madison L. Peterson; (5) District Attorney ("DA") Brandon Faircloth; (6) Sheriff Thomas H. Corbin; and (7)

Deputy Sheriff Michael Milton. (Doc. no. 14, pp. 1-3, 13-14.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 16, 2019, Deputy Milton initiated a traffic stop of Plaintiff's vehicle for speeding. (Id. at 15.) Deputy Milton alleged he smelled alcohol but did not conduct a field sobriety test. (Id.) Deputy Milton also accused the passenger of reaching for an object he believed to be a firearm without reasonable suspicion to believe the passenger was armed and dangerous. (Id.) Deputy Milton executed an illegal search and seizure, as evidenced by bodycam and dashcam footage. (Id. at 16.) Deputy Milton failed to take Plaintiff before a judicial officer within forty-eight hours of his arrest. (Id.) Judge Helton conducted Plaintiff's arraignment on August 20, 2019, forced Plaintiff to enter a plea without legal representation, and denied bond. (Id. at 16, 18.) DA Faircloth participated in the malicious prosecution of Plaintiff by "inquiring before a committing court at the arraignment hearing . . . without any probable cause." (Id. at 17.)

On November 6, 2019, Plaintiff attended a civil forfeiture hearing against his 2001 Mercedes Benz. (See doc. no. 14-1.) ADA Knight questioned Plaintiff for the purpose of entrapment, knowing the answers could result in self-incrimination. (Id. at 17.) Plaintiff's answers were involuntary and the result of compulsion. (Id.) Despite Plaintiff's objection, Judge Gillis allowed ADA Knight to use Plaintiff's statements in violation of the Georgia Code of Judicial Conduct. (Id. at 18.) Judge Gillis "failed to dispose of the matter promptly, impartially, and fairly." (Id.) Sheriff Corbin actively participated in the "initiation, continuation, and procurement" of the civil proceeding. (Id. at 16.) Defendant Peterson falsified the transcript by

incorrectly identifying the presiding judge. (Id. at 17.)

On December 18, 2019, Judge Helton signed and dated an order for the sale and distribution of Plaintiff's property and a final judgment in the civil action. (Id. at 18.) Plaintiff was not present when Judge Helton signed the court order and final judgement. (Id.) Judge Helton rendered the judgement without any personal knowledge of the testimony elicited during the November 6th hearing, and he lacked authority to enter the decision. (Id. at 19.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative

level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claims Against DA Faircloth and Deputy Milton Are Barred Under Heck v. Humphrey

Plaintiff's claims against DA Faircloth and Deputy Milton are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In that case, the Supreme Court held, when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Id. In Heck, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been

invalidated.  520 U.S. at 487.  In short, a claim for monetary damages that challenges Plaintiff's incarceration is not cognizable under § 1983.  Id. at 483.

Plaintiff claims Deputy Milton executed an illegal search and seizure of Plaintiff's vehicle and conducted the stop and arrest without reasonable suspicion or probable cause, and DA Faircloth is prosecuting him maliciously for charges that are false.  (See doc. no. 14, pp. 15, 17.)  Were these claims resolved in Plaintiff's favor in this Court, the outcome would inevitably undermine Plaintiff's state conviction.  Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005).  Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487.  Accordingly, Plaintiff's claims against DA Faircloth and Deputy Milton are barred under Heck.

### 3. Judges Gillis and Helton are Immune from Suit

Plaintiff's claims for monetary damages against Judges Gillis and Helton are barred by judicial immunity.  It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority."  Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").

Because Plaintiff's allegations fail to show Judges Gillis and Helton acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether their actions

5

were of the type normally performed by judges. Jarallah v. Simmons, 191 F. App'x 918, 920 (11th Cir. 2006). The complaint allegations describe quintessential judicial functions of presiding over criminal and civil cases by conducting hearings and entering court orders. Thus, Plaintiff fails to state a valid claim for monetary damages against Judges Gillis and Helton.

### 4. DA Faircloth and ADA Knight are Immune from Suit

Plaintiff's claims against DA Faircloth and ADA Knight are subject to dismissal because their role as prosecutor entitles them to immunity. "A prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields a prosecutor from liability when faced with "allegations stemming from the prosecutor's function as advocate." Rehberg v. Paulk, 611 F.3d 828, 838 (11th Cir. 2010) (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and all appearances before the court . . . ." Jarallah, 191 F. App'x at 921 (citing Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1274 (11th Cir. 2002)). Because Plaintiff's allegations relate solely to the actions of these defendants as prosecutors, DA Faircloth and ADA Knight are entitled to prosecutorial immunity.

### 5. Plaintiff Fails to State a Claim Against Defendant Peterson and Sheriff Corbin

There is a complete absence of factual detail necessary to state a claim by Plaintiff

against Defendant Peterson and Sheriff Corbin.  To state a valid claim, Plaintiff must specify the acts or omissions by each named defendant and explain how those acts and omissions caused the harm about which he complains.  Plaintiff merely alleges Sheriff Corbin took part in the civil forfeiture proceeding.  Plaintiff does not allege how Defendant Peterson's alleged reference to the wrong presiding judge in a transcript caused him to suffer any cognizable injury.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED this 24th day of August, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA