IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JIMELL RAHEEN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-024 |
| | ) | |
| CHIEF JUDGE DONALD W. GILLIS; | ) | |
| JUDGE JON F. HELTON; JOSHUA E. | ) | |
| KNIGHT, Assistant District Attorney; | ) | |
| MADISON L. PETERSON; BRANDON | ) | |
| FAIRCLOTH, District Attorney; THOMAS | ) | |
| H. CORBIN, Sheriff; and MICHAEL | ) | |
| MILTON, Deputy Sheriff, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 17.) In addition to objections, Plaintiff also requests leave to file an amended complaint. (Id. at 3.)

Under Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend his pleading once as a matter of course within twenty-one days after service. Thereafter, a party may amend a pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should freely allow amendment. See Carter v. Broward Cty. Sheriff's Dep't Med. Dep't, 558 F. App'x 919, 923 (11th Cir. 2014) ("Leave to amend should be freely given . . . .") (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

However, "[a] . . . court may deny such leave where there is substantial ground for doing so, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Muhammad v. Sapp, 494 F. App'x 953, 958 (11th Cir. 2012) (quoting Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008)). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)). Further, "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279-80 (11th Cir. 1999) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)).

As Plaintiff previously filed an amended complaint, he is not entitled to amend as a matter of right. (See doc. no. 14.) Plaintiff also did not attach a proposed second amended complaint or provide any indication of the substance of his proposed amendment. Instead, Plaintiff merely requests leave to file an amended complaint because he failed to include certain factual details related to his claim against Sheriff Corbin. (Doc. no. 17, p. 3.) The Court previously instructed Plaintiff he shall submit only one amended complaint containing all claims he wishes the Court to consider as a basis for awarding the relief sought. (See doc. no. 13, p. 3.) Therefore, it appears Plaintiff is attempting to fix each pleading deficiency as the Court points it out. However, "Rule 15's liberal amendment standard is not an

2

unqualified license to fix every new defect as the court uncovers them." In re Engle Cases, 767 F.3d 1082, 1123 (11th Cir. 2014).

Accordingly, the Court **DENIES** Plaintiff's request for leave to file an amended complaint, **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and **CLOSES** this civil action.

SO ORDERED this 17th day of September, 2020, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3